UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ARTHUR VAUGHN HARRIS,

        Plaintiff,

v.                                                  Case No: 6:22-cv-1727-RBD-EJK

WAYNE IVEY, et al.,

        Defendants.

_____/

## **ORDER**

This cause is before the Court on initial review of Plaintiff's Civil Rights Complaint ("Complaint," Doc. 1) filed under 42 U.S.C. § 1983. Plaintiff, a prisoner incarcerated at the Brevard County Jail and proceeding *pro se*, seeks to proceed *in forma* pauperis. For the reasons set forth below, the Complaint will be dismissed.

### I.    PROCEDURAL BACKGROUND

The Court takes judicial notice of filings previously brought by Plaintiff that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) Case No. 6:22-1421-PGB-LHP; (2) Case No. 6:22-cv-1532-WWB-DCI; and (3) Case No. 6:22-cv-1638-CEM-LHP.

### II.    LEGAL STANDARD

Section 1915(g) of Title 28 limits a prisoner's ability to bring a civil action *in forma pauperis* under certain circumstances:

> (g)    In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases dismissed for one of the recited reasons, he cannot proceed *in forma pauperis* and must pay the filing fee in full when the lawsuit is initiated. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Consequently, courts have a responsibility to dismiss cases, even *sua sponte*, under 28 U.S.C. section 1915(g). *See, e.g., Casey v. Scott*, 493 F. App'x 1000, 1001 (11th Cir. 2012) (affirming district court's *sua sponte* dismissal of case under 28 U.S.C. section 1915(g) and noting "[t]he district court must search the record of the plaintiff's federal cases to determine if they were dismissed for the relevant reasons."); *Wright v. Polk County*, No. 13-13772, 2014 WL 715774, at *1-2 (11th Cir. February 26, 2014) ((noting that if the plaintiff has three strikes and fails to pay the full filing fee at the time he initiates the suit, the proper procedure is to dismiss the complaint without prejudice).

### III.    ANALYSIS

Based on the three prior dismissals and Plaintiff's failure to allege that he is under imminent danger of serious physical injury, he may not proceed *in forma pauperis* and had to pay the filing fee when he initiated this action. Consequently, this case is dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the full filing fee.

## IV.    CONCLUSION

Accordingly, it is now **ORDERED** and **ADJUDGED** as follows:

1.    This case is **DISMISSED** without prejudice.

2.    Plaintiff's Motion for to Proceed *In Forma Pauperis* (Doc. 2) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on September 26, 2022.



ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Unrepresented Party